IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MIGUEL A. DE LA GARZA | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 2:21-cv-2 |
| GREAT LAKES INSURANCE SE AND BEN SNEAD | § § § § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant, GREAT LAKES INSURANCE SE, in a cause styled *Miguel A. De La Garza v. Great Lakes Insurance SE and Ben Snead*, originally pending as Cause No. 20-12-39467-MCVAJA in the 365th Judicial District Court of Maverick County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Western District of Texas, Del Rio Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

### NATURE OF THE PENDING STATE CASE

1. On or about December 10, 2020, Miguel A. De La Garza ("Plaintiff") filed a civil action styled *Miguel A. De La Garza v. Great Lakes Insurance SE and Ben Snead*, under Cause No. 20-12-39467-MCVAJA in the 365th Judicial District Court of Maverick County, Texas.

2. This case involves an insurance dispute regarding Plaintiff's property located at 1278 Dalia Street, Eagle Pass, Texas 78852, which was insured under an insurance policy issued by Defendant Great Lakes Insurance SE ("Great Lakes"). Plaintiff alleges that his property

sustained storm damages on or about March 19, 2020 and Great Lakes underpaid his subsequent insurance claim. Plaintiff sued Great Lakes alleging causes of action for breach of contract, violations of the Texas Insurance Code and Texas Civil Practice and Remedies Code, breach of the duty of good faith and fair dealing, and misrepresentation. Plaintiff also brought causes of action against independent adjuster Ben Snead for alleged violations of the Texas Insurance Code. However, on January 6, 2020, Plaintiff voluntarily nonsuited those claims against Snead with prejudice.[1] Defendant Great Lakes Insurance SE has not yet been served and is the only remaining Defendant.

3.      Defendant has attached the documents required to be filed with this Notice of Removal.[2]

**JURISDICTION**

4.      Pursuant to 28 U.S.C. §1441(a), Defendant removes this action to the District Court of the United States for the Western District of Texas, Del Rio Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.      Diversity of the Parties**

5.      Plaintiff's Complaint states that Plaintiff is a citizen of Texas and resides in Maverick County, Texas.[3]

6.      Defendant Great Lakes, is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230278.

---

[1] Notice of Nonsuit with Prejudice Against Ben Snead, attached hereto as Exhibit "A;"
[2] Plaintiff's Original Petition, attached hereto as Exhibit "B;" Civil Cover Sheet, attached hereto as Exhibit "C;" An Index of Matters Being Filed, attached hereto as Exhibit "D;" Copy of State Court Docket Sheet, attached hereto as Exhibit "D-1," and List of All Counsel of Record, attached hereto as Exhibit "D-2."
[3] Exhibit "B," para. 3.

Defendant's registered office is at Königinstraße 107, 80802 Munich, Germany.

7. Plaintiff had originally brought causes of action against Snead individually, and inferred in his Complaint that Snead is a citizen of Texas.[4] However, as further shown below, the Court must disregard Snead's citizenship because he was improperly joined as a Defendant and Plaintiff has since voluntarily nonsuited him from this action. As a result, Snead's consent to or participation in this removal is unnecessary.[5]

8. Since this lawsuit was filed in state court after September 1, 2017, it is subject to Chapter 542A of the Texas Insurance Code.[6] Section 542A.006 of the Texas Insurance Code, entitled "ACTION AGAINST AGENT; INSURER ELECTION OF LEGAL RESPONSIBILITY," provides that in an action to which Chapter 542A applies, "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[7] Section 542A.006 further states that "[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice."[8]

9. The term "agent," as used in Section 542A.006 above, is defined by Section 542A.001 to mean "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer."[9] Defendant Snead is an "agent" as that term is used in Section 542A.006 and defined in Section 542A.001 because he is an adjuster who was retained to and did adjust Plaintiff's claim on behalf of Great Lakes.

---

[4] *Id.*, at para. 5.
[5] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).
[6] *See generally* TEX. INS. CODE § 542A.
[7] *See* TEX. INS. CODE § 542A.006(a).
[8] *See* TEX. INS. CODE § 542A.006(c) (emphasis added).
[9] *See* TEX. INS. CODE § 542A.001(1).

10.    Great Lakes elected to assume liability for Snead on July 21, 2020 pursuant to Section 542A.006(a), well before Plaintiff field suit against Snead on December 10, 2020.[10] Great Lakes specifically stated in its July 21, 2020 letter to Plaintiff's counsel that it "hereby elects under Section 542A.006(a) of the Texas Insurance Code to accept whatever liability Ben Snead, Texas Security General Insurance Agency, LLC, or Alacrity Solutions, or their respective agents, might have to your client for each of their acts or omissions related to this claim."[11] According to the District Court for the Southern District of Texas, "an insurer's proper election of liability for a nondiverse agent under Texas Insurance Code § 542A.006(a), irrespective of the time that election is made, effectively and irreversibly dismisses the agent from the case and results in no reasonable basis for the District Court to predict that the plaintiff may be able to recover against the agent, thereby resulting in a disregard of the citizenship of the agent for purposes of analyzing diversity jurisdiction under 28 U.S.C. § 1332(a)."[12]

11.    Despite receiving notice of this election, Plaintiff improperly sued Snead on December 10, 2020. Snead soon informed Great Lakes he had been served with process, so Great Lakes once again informed Plaintiff of its liability election. Thereafter, on January 6, 2021, Plaintiff voluntarily nonsuited with prejudice all causes of action against Snead,[13] thereby dismissing him from the state court action and rendering the voluntary-involuntary rule inapplicable.[14] Because a nonsuit is effective immediately upon filing[15] and Great Lakes has assumed liability for Snead pursuant to Texas law, there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Snead. Indeed, even if Plaintiff were to

---

[10] July 21, 2020 Correspondence to Plaintiff's Counsel, attached hereto as Exhibit "E."
[11] *Id.*, at para. 5.
[12] *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 2020 U.S. Dist. LEXIS 178964, *27 (S.D. Tex. September 29, 2020).
[13] *See* Exhibit "A."
[14] *See* TEX. INS. CODE § 542A.006(c).
[15] *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862-63 (Tex. 2010).

attempt to join Snead to this case again, Section 542A.006(c) of the Texas Insurance Code mandates that the court must dismiss him. Therefore, the parties in this case at the time of removal are completely diverse and this case is properly removed to federal court.

**B.    Amount in Controversy**

12.    Plaintiff's Original Petition states that the amount in controversy exceeds $200,000;[16] therefore the amount in controversy also exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

## TIMING OF REMOVAL

13.    Defendant Great Lakes has not been served. Therefore, this Notice of Removal is being filed within 30 days of service of the petition pursuant to 28 U.S.C. §1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. §1446(c). This Notice is therefore timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

14.    As the removing party, Defendant will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

15.    Defendants will also file a copy of this Notice of Removal with the 365th Judicial District Court of Maverick County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## ANSWER

16.    Defendant has not filed an Answer to Plaintiff's lawsuit.

## JURY DEMAND

17.    Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules

---

[16] *Id.*, at para. 2.

of Civil Procedure.

## CONCLUSION AND PRAYER

18. In light of the foregoing, Defendant respectfully removes this civil action styled *Miguel A. De La Garza v. Great Lakes Insurance SE and Ben Snead,* under Cause No. 20-12-39467-MCVAJA in the 365th Judicial District Court of Maverick County, Texas.

19. Defendant prays for such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted by,

*/s/ Les Pickett*
Les Pickett
  "Attorney-in-Charge"
  Federal I.D. No. 14306
  State Bar No. 15980520
  lpickett@gallowaylawfirm.com
William D. Abbott
  Federal I.D. No. 2789456
  State Bar No. 24087069
  wabbott@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2021, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ William D. Abbott*
Les Pickett
William D. Abbott